UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:21-cv-80391-DMM/DLB

**KEITH TAIG, individually, and on behalf of others similarly situated,**

 **Plaintiffs,**

v.

**CITY OF VERO BEACH, CHIEF DAVID CURREY in his individual capacity, CAPTAIN KEVIN MARTIN (RETIRED) in his individual capacity, LIEUTENANT JOHN PEDERSEN in his individual capacity, DETECTIVE PHIL HUDDY in his individual capacity, DETECTIVE SEAN CROWLEY in his individual capacity, and DETECTIVE MIKE GASBARRINI in his individual capacity,**

 **Defendants.**

_____/

## DEFENDANT CITY OF VERO BEACH'S MOTION FOR CONSOLIDATION AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Defendant City of Vero Beach, by and through undersigned counsel, hereby files this Motion for Consolidation, requesting consolidation and merger of this case with John Doe v. Vero Beach, Case No 2:19-CV-14212-RLR/SMM,[1] as both cases arise from the same police

---

[1] A Notice of Transfer of Refiled and Similar Actions and Procedures is being filed in the Chandler case along with a copy of this Motion. Doe v. Vero Beach was stayed by Order filed October 31, 2019 [Doc. 45], in light of a then-ongoing criminal

action, concern the same Plaintiffs and the same Defendants as both parties and witnesses, and concern the same questions of fact and law.

I.  Introduction

   A.  **Doe v. Vero Beach**

Plaintiff Jeffrey D. Chandler, originally identified as "John Doe," filed his "Class Action Complaint for Violation of Constitutional Rights" on May 25, 2019, in the 19th Judicial Circuit Court of Indian River County, alleging claims related to the "impermissible, nonconsensual videotaping of the Plaintiff and other individuals while involved in lawful massages while undressed or semi-undressed." (*See* Defendant City of Vero Beach's Notice of Removal filed June 19, 2019 [Doc. 1] filed in Doe v. Vero Beach; *see also* Third Amended Class Action Complaint for Violation of Constitutional Rights filed October 7, 2019 [Doc. 41] filed in Doe v. Vero Beach, ¶ 3.) Specifically, Plaintiff Chandler alleges that he is a member of a proposed class of individuals who "suffered an invasion of privacy injury were addressable by 42 USC § 1983 and caused by the same unlawful/unconstitutional conduct, including video recording and viewing, committed by the Vero Beach Police Department, a division of the City of Vero Beach at the same location on approximately the same dates. All class members were recorded on videotape, without permission, while receiving lawful massage therapy." (*Id.*, ¶ 1.) Plaintiff Chandler's claims arise from an investigation by the Vero Beach Police Department at the "East Spa" located in Vero Beach, Florida, and a "sneak and peek"

---

proceeding related to both Plaintiff Chandler and Plaintiff Taig. (*See* Taig Class Action Complaint at ¶¶ 44-79 (setting forth criminal appeal history regarding Plaintiff's criminal charges).)

warrant and 60 days of surreptitious videotaping of all spa patrons from November 29, 2018.  (*Id.*, ¶¶ 11-16.)  As a result of the investigation, Plaintiff Chandler was arrested and charged with criminal activity, including solicitation of prostitution. (*Id.*, ¶ 20.) Plaintiff Chandler seeks damages on behalf of himself and all of the other class members, the spa patrons who were arrested and charged with crimes.

### B.     Taig v. Vero Beach

In the case at bar, Plaintiff Taig has also filed suit against Vero Beach arising from the Police Department's investigation into activities at the East Spa in Vero Beach. (*See* Class Action Complaint filed February 23, 2021, [Doc. 1], ¶ 23.) Just like Plaintiff Chandler, Plaintiff Taig's claims arise from 60 days of surreptitious videotaping of all spa patrons from November 29, 2018. (*Id.*, ¶¶ 13-14, 23, 29, 35.) Just like Plaintiff Chandler, Plaintiff Taig alleges that he was one of many "customers who visited the Spa from November 29, 2018 to January 27, 2019, who were legally video-recorded without their knowledge or consent, [and] criminally charged…" (*Id.*, ¶ 14.) Just like Plaintiff Chandler, Plaintiff Taig raises the issue of "sneak and peek" warrants which violate his Constitutional rights. (*Id.*, ¶ 16.)  Just like Plaintiff Chandler, Plaintiff Taig has included both the November 29, 2018 Affidavit for Surreptitious Entry and Installation of Electronic Surveillance Camera and the Order for Surreptitious Entry and Installation of Electronic Surveillance Camera as exhibits to the operative Complaint.  (*See* Doe v. Vero Beach Third Amended Class Action Complaint for Violation of Constitutional Rights Exhibit 1 [Doc. 41-1] and Exhibit 2 [Doc. 41-2]; and Taig v. Vero Beach Class Action Complaint Exhibit A [Doc. 1, pages 27-42] and Exhibit B [Doc. 1, pages 44-45].)

## II. Argument and Citation of Authority

As noted above, the claims of both Plaintiff Chandler and Plaintiff Taig arise from the same law enforcement investigation involving the East Spa from November 2018 through January 2019, resulting in their arrest. Both Plaintiffs allege the same Constitutional claims.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "If actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a). "The Rule 'is permissive and vests a purely discretionary power in the district court.'" Young v. City of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1168 (11th Cir. 1995) (citations omitted). Furthermore, the Rule "codifies a district court's single inherent managerial power' 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Young, 59 F.3d at 1168 (citations omitted). In considering consolidation, "the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982), *cert. denied,* 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983) and 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984)). Furthermore, "The court must also bear in mind the extent to which

the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d at 1495.

Here, all of the factors weigh heavily in favor of consolidation. There is no risk of prejudice or confusion to Plaintiffs as the claims asserted by Plaintiff Chandler are the same as the claims asserted by Plaintiff Taig and arise from the same set of facts. In fact, both Plaintiff Chandler and Plaintiff Taig seek to form a class action for all patrons of the East Spa during this time.[2] Thus, Plaintiff Chandler seeks to include Plaintiff Taig in his class and Plaintiff Taig seeks to include Plaintiff Chandler in his class. Based on the nature of their allegations, both Plaintiffs *already* seek consolidation of their claims.

In contrast, without consolidation, the risk of inconsistent adjudication of substantially similar cases involving the same factual and legal issues is significant. The parties, the witnesses, and the Court would expend significant, and unnecessary, resources in litigating two markedly similar cases. For example, Defendant City's police officers, some of whom are already named Defendants in Taig v. Vero Beach, would be subject to two sets of discovery and trial appearances. Non-City witnesses would also be called twice to participate in discovery and trial.

### III. Conclusion

The Eleventh Circuit has "encouraged trial judges to 'make good use of Rule 42

---

[2] Neither Plaintiff Chandler nor Plaintiff Taig have obtained class action certification and Defendant does not consent to class action certification and does not waive any rights to contest class action certification by moving for consolidation.

(a)… in order to expedite the trial and eliminate unnecessary repetition and confusion." <u>Hendrix v. Raybestos-Manhattan, Inc.</u>, 776 F.2d at 1495. That is exactly what this Motion for Consolidation seeks to do. Where both actions involve the same underlying set of facts, the same parties, the same evidence, the same law, consolidation and merger is not only appropriate but preferred. Consolidation will facilitate the just, speedy, and inexpensive determination of these actions and proceedings. Consolidation will also foster party and witness convenience, reduce litigation costs, and most critically eliminate confusion and inconsistency.

WHEREFORE, for the foregoing reasons and based on the good cause as set forth herein, Defendant requests that this Court grant this Motion for Consolidation and consolidate and merge <u>Keith Taig v. Vero Beach</u> with <u>John Doe v. Vero Beach</u>, Case No 2:19-CV-14212-RLR/SMM.

## L.R. 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), Southern District of Florida, undersigned counsel consulted with Plaintiff's counsel, Ken Scherer via email on Wednesday, March 31, 2021, who advised that Plaintiff objects to consolidation of this case with the <u>Doe v. Vero Beach</u> case.

## Certificate of Service

**I HEREBY CERTIFY** that on April 5, 2021, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Gail C. Bradford*
WILLIAM E. LAWTON , ESQ.
Florida Bar No. 0163236
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
ALYSSA J. FLOOD, ESQ.
Florida Bar No. 0099755
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
wlawton@drml-law.com
gbradford@drml-law.com
aflood@drml-law.com
Attorneys for Defendant City of Vero Beach