UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-80391-RLR

KEITH TAIG, individually, and on behalf of
others similarly situated,

    Plaintiffs,

v.

CITY OF VERO BEACH, CHIEF DAVID
CURREY in his individual capacity, CAPTAIN
KEVIN MARTIN (RETIRED) in his individual
capacity, LIEUTENANT JOHN PEDERSEN in
his individual capacity, DETECTIVE PHIL
HUDDY in his individual capacity,
DETECTIVE SEAN CROWLEY in his
individual capacity, and DETECTIVE MIKE
GASBARRINI in his individual capacity,

    Defendants.
_____/

**DEFENDANT CITY OF VERA BEACH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION AND TO APPOINT CLASS REPRESENTATIVE AND CLASS COUNSEL**

Pursuant to this Court's Order filed October 22, 2021 [Doc. 77], Defendant, CITY OF VERO BEACH, by and through undersigned counsel, respectfully requests this Honorable Court deny Plaintiff's Amended Motion for Class Certification And To Appoint Class Representative And Class Counsel filed November 2, 2021 [Doc. 81][1], and in support thereof states the following:

**Introduction and Summary of Argument**

---

[1] This Amended Motion is Plaintiff's second Amended Motion. Plaintiff filed his first Amended Motion on October 29, 2021 [Doc. 79]. The text of the Amended Motion itself is 27 pages. Plaintiff then attached an additional 635 pages of exhibits, including documents already on file with the Court. The Court entered a paperless Order striking the first Amended Motion to Certify Class on November 1, 2021 [Doc. 80], for failing to comply with Local Rules regarding page limitations.

Plaintiff's Amended Motion should be denied because the proposed class lacks commonality, any assertion of proof of numerosity, and Plaintiff cannot show predominance. Plaintiff asserts that class certification should be granted as the claims asserted by the proposed class members share commonality of questions of law and fact. (Amended Motion, p. 12). However, Plaintiff has vaguely defined the common question of law as "whether Defendants committed Fourth Amendment violations by surreptitiously monitoring and recording the class members in a private room at a massage parlor." (Amended Motion, p. 12). However, to date the City has received at least seventeen (17) notices of claim pursuant to Fla. Stat. § 768.28 evidencing the intent by several potential class members, as defined by the Plaintiff, to pursue state law claims. There can be no typicality of claims where different claims are pursued by each individual potential class member.

Plaintiff has also failed to show predominance as required by Federal Rule of Civil Procedure 23(b)(3), and pursuant to which Plaintiff requests class certification. In addition to differing questions of law, the proposed class will present disparate damages that will essentially require an overwhelming number of mini-trials to determine individual damages. This precludes class certification.

## Argument and Memorandum of Law

### I.     Legal Standard

Class actions are an exception to the constitutional tradition of individual litigation and the Eleventh Circuit presumption is against class certification. *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187 (11th

Cir.2003). The Court must conduct a "rigorous analysis" to determine whether the plaintiff satisfied the requirements of Rule 23 by a preponderance of the evidence. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161(1982); *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009). If doubt remains that the standard has been satisfied, the Court should deny certification. *Schaevitz v. Braman Hyundai, Inc.*, No. 1:17-cv-23890-KMM, 2019 WL 3890219, at *3 (S.D. Fla. May 8, 2019).

To certify a class, Plaintiff must also establish that class members' common legal and factual questions predominate over any questions affecting individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *Comcast Corp v. Behrend*, 569 U.S. 27, 33 (2013); *Castillo v. N & R Servs. of Cent. Fla, Inc.*, 807-CV-1804-T-26EAJ, 2008 WL 1959691, at *4 (M.D. Fla. May 1, 2008); *Schaevitz*, 2019 WL 3890219, at *3. Plaintiff must also prove the proposed class is adequately defined and clearly ascertainable. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).

Plaintiff has failed to carry his heavy burden of establishing each Rule 23 requirement and accordingly, the Court should deny the Motion.

## II. Plaintiff Has Failed to Establish Numerosity

Under Rule 23(a), every putative class first must satisfy the prerequisites of "numerosity, commonality, typicality, and adequacy of representation." *See* Fed. R. Civ. P. 23(a); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187–88 (11th Cir.2003). The numerosity requirement set forth in Rule 21(a)(1) requires a finding that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23. Plaintiff, as the party requesting class certification, has the burden of "making some showing, affording the district court the

3

means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009). "Mere speculation, bare allegations, and unsupported conclusions are inadequate." *Barlow v. Marion County Hosp. Dist.,* 88 F.R.D. 619, 625 (M.D. Fla. 1980).

In *Vega*, the Plaintiff filed a motion for class certification seeking to certify T-Mobile employees in Florida who received commission for the sale of a prepaid cellular phone plan, but were charged back for those commissions during a specific time period. 564 F.3d 1256, 1264 (11th Cir. 2009). In denying that class certification, the Eleventh Circuit cited to the Plaintiff's complete lack of record evidence supporting his numerosity assertion. The court stated that "the district court's inference of numerosity…without the aid of a shred of [] evidence was an exercise in sheer speculation." *Id*. at 1268. The court went on to find that the district court abused its discretion by finding the numerosity requirement to be satisfied, when the record was "utterly devoid" of any showing that the class was so numerous that joinder of all members would be impracticable. *Id*.

Here, Plaintiff has made the bare allegation that "there are at least one hundred (100) members." (Amended Motion p. 4). Plaintiff has not provided any further explanation regarding the calculation of that class estimate or supported that calculation with any analysis of any kind. Rather, Plaintiff has made the mere unsupported conclusion that "[t]his action easily meets the numerosity requirement." (Amended Motion p. 4). This conclusion does not take into account those potential "class members" who have, for example, settled and dismissed their claim (e.g., Stipulation of Dismissal with Prejudice filed October 27, 2021 [Doc. 57], in *Chandler v. Vero Beach*, Case No. 2:19-cv-14212-RLR), or have had their arrests expunged, or who may simply not wish to participate in the class.  While the numerosity bar is admittedly low, Plaintiff has still

failed to meet his burden. This is fatal to Plaintiff's request for class certification, and as such it must be denied.

### III. Plaintiff Has Failed to Establish Typicality

Typicality requires the Plaintiff to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although similar to commonality in that it concentrates on the "nexus" between class members and the named class representative, typicality differs from commonality in that it focuses on the named class representative's individual characteristics in comparison to the proposed class. *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *Prado–Steiman v. Bush*, 221 F.3d 1266, 1269 (11th Cir. 2000). A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (citing *Prado–Steiman*, 221 F.3d at 1279).

In *Hines v. Windall*, 334 F.3d 1253, 1258 (11th Cir. 2003), three named plaintiffs requested class certification of a class comprised of litigants alleging discrimination in their employer's civilian employment practices, which they alleged impacted hiring, transfers, and promotions. However, none of the class representatives had hiring or transfer claims. In upholding the district court's decision to deny class certification, the court agreed that the proposed class was too broad and unrepresented by the class representatives. *Id*. See also, *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1568–70 (11th Cir.1992) (finding that the district court did not abuse its discretion in denying class certification to a class challenging race discrimination in "recruiting, hiring, job assignments, training, evaluations, promotions, transfers, discipline, [and] retaliation" because the plaintiffs sought to challenge too broad a spectrum of employer practices for too broad a group of employees); *Walker v. Jim*

*Dandy Co.*, 747 F.2d 1360, 1364–65 (11th Cir.1984) (finding no abuse of discretion when district court found that applicants for supervisory positions did not have a sufficient nexus of claims with those applying for non-supervisory positions to represent them in a class action).

Here, Plaintiff has defined the common question of law as "Defendants were deprived the class [sic] of their collective rights, privileges, or immunities secured by the Constitution of the United States and law while acting under color of law[.]"

However, to date the City has received a minimum of seventeen (17) notices of claims pursuant to section 768.28, Florida Statutes, as recently as February 2021. These seventeen (17) notices are comprised of those received from several potential class members, as defined by the Plaintiff, and clearly evidence their intent to pursue state law claims. Plaintiff has asserted no state claims, and in fact has clearly stated that he intends to only pursue federal constitutional claims. As such, while the claims may now appear to be in line with those of a relatively unidentified class, a large portion of that potential class has made clear that they will be pursuing state claims. Those state claims have not yet identified their theories of liability, as many of them are not yet ripe. As such, it is impossible to have typicality of claims where no state claims are asserted.

It is essential for class certification that the claims asserted by the purported class representative share a nexus to those of the purported class members. Here, Plaintiff is only asserting federal constitutional claims, while a large number of potential class member have asserted their intent to pursue state claims. There can be no nexus of claims between the Plaintiff and the purported class members when they have already asserted differing theories of liability. As such, Plaintiff has not shown typicality of claims.

Furthermore, Plaintiff completely fails to meet the standard of typicality of injury or damages. Plaintiff has represented during the course of discovery that he is not claiming any physical or emotional damages. (*See* Plaintiff's verified Answer to Number 6 of City's First Set of Interrogatories, attached as Exhibit Number 1 to the Deposition of Keith Taig dated August 13, 2021 ("No physical or emotional damages claimed by this Plaintiff.").)[2] To the contrary, he "just feel[s] bad for all the people that went into that place and didn't get a sexual favor."[3] (Keith Taig Deposition 83:11-13.) Plaintiff has repeatedly testified and represented during the course of discovery that he has not suffered and is not seeking lost income or business damages. (*See* Keith Taig Deposition 44:21-23 (no business lost as a result of arrest); Plaintiff's verified Answer to Number 11 of City's First Set of Interrogatories, attached as Exhibit Number 1 to Keith Taig Deposition (same); *see also* Deposition of Ampairo Taig dated August 24, 2021, 19:9-11.)

While Plaintiff may conveniently assert embarrassment or humiliation,[4] his sworn testimony indicates otherwise. Mr. Taig repeatedly and specifically testified "I wasn't embarrassed about getting a hand job, and *I wasn't really embarrassed too much about getting caught*." (*See* Keith Taig Deposition 47:2-21 (emphasis added); *see also Id.* 60:7-10 (Plaintiff not embarrassed to talk to friends).) Plaintiff has not sought treatment with any physical or mental health care providers as a result of the incidents at issue in this litigation. (*See* Keith Taig Deposition 14:24-15:8; Plaintiff's verified Answer to Numbers 8 and 9 of City's First Set of Interrogatories, attached as Exhibit Number 1 to Keith Taig Deposition; *see also* Ampairo Taig Deposition 18:8-20.)

---

[2] Mr. Taig's Deposition transcript was filed November 4, 2021 [Doc. 84-2]. Exhibit 1 to Mr. Taig's Deposition and Mrs. Taig's Deposition are being filed this day.
[3] This further muddies the waters regarding who is a proper class member.
[4] *See* Keith Taig Deposition 44:24 – 45:20.

As a practical matter, Plaintiff presents no facts in support of his claims of embarrassment or humiliation. For example, Mr. Taig identified a grand total of five people by first name only who have made comments to him about his arrest. (*See* Keith Taig Deposition 51:7-54:14.) Mr. Taig later testified that *no one* has come up to him after any court proceeding or news story about court proceedings to discuss his arrest or any issues relating to the arrest. (*See* Keith Taig Deposition 60:1-6.)  Mr. Taig has received no letters or electronic communication commenting on his arrest or criticizing or mocking him. (*See* Keith Taig Deposition 58:22-59:13.)  Likewise, Mrs. Taig testified that no one has made negative comments to her and she is not aware of any negative communications since Mr. Taig's arrest.  (*See* Ampairo Taig Deposition 18:21-19:8, 19:22-20:3.) There is an equal dearth of evidence regarding the surveillance video of Mr. Taig's activities at the Spa on December 27, 2018, as it is simply not publicly available. (*See* Keith Taig Deposition 49:14-18 (only lawyers have seen videos), 77:15-21 (video has not been broadcast online or republished); *see also* Plaintiff's verified Answer to Number 5 of City's Second Set of Interrogatories to Plaintiff ("Plaintiff cannot be expected to guess" who has seen video of Plaintiff engaged in sex acts); Ampairo Taig Deposition 21:16-18.)

Rule 23(a) requires all four factors to be met. With discovery all but closed,[5] Plaintiff clearly cannot meet all four factors.  Therefore Plaintiff's Amended Motion must be denied.

## IV.     Plaintiff Has Failed to Establish Predominance

In addition to establishing all four (4) requirements set forth in Federal Rule of Civil Procedure 23(a), Plaintiff must also establish that the class action may proceed under one of the categories of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). In this case,

---

[5] Plaintiff has requested and received leave of Court to conduct an additional deposition by November 25, 2021 [Doc. 73].

Plaintiff seeks certification of the class pursuant to Rule 23(b)(3). (Amended Motion p. 11).

Under Rule 23(b)(3), a class may be certified if, in addition to the requirements of Rule 23(a),

> [T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Rule 23(b)(3), Fed. R. Civ. P.

"The two essential requirements of Rule 23(b)(3) are that the common questions 'predominate over any questions affecting only individual members' and that the class action procedure be 'superior ... for the fair and efficient adjudication of the controversy." *Faulk v. Home Oil Co., Inc.*, 186 F.R.D. 660, 663 (M.D. Ala. 1999) (quoting Rule 23(b)(3)). "In other words, the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Id.* (quoting *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997)). "Predominance 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Ulysse v. Waste Mgmt. Inc. of Fla.*, 2013 WL 11327137, at *2 (S.D. Fla. Sept. 13, 2013) (quoting *Amchem Prod. Inc. v. Windsor*, 521 U.S. 591, 623 (1997)).

"[T]he Rule requires a pragmatic assessment of the entire action and all the issues involved." *Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009) (internal quotes omitted). Importantly, the requirement of predominance is far more demanding than the commonality requirement under Rule 23(a). *See Amchem*, 521 U.S. at 623-624. "[A]ny competently crafted class complaint literally raises common 'questions.' ... What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (third alteration in original)

9

(quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L.Rev. 97, 131–32 (2009)).

### A.    No Predominance in Claims

That common questions of law or fact predominate over individualized questions means that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir.1989) (quoting *Nichols v. Mobile Bd. of Realtors, Inc.*, 675 F.2d 671, 676 (5th Cir. Unit B 1982)). "The predominance inquiry focuses on 'the legal or factual questions that qualify each class member's case as a genuine controversy,' and is 'far more demanding' than Rule 23(a)'s commonality requirement." *Jackson*, 130 F.3d at 1005 (quoting *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623–24, 117 S.Ct. 2231, 2249–50, 138 L.Ed.2d 689 (1997)).

In order to determine whether common questions predominate, "we are called upon to examine the cause[] of action asserted in the complaint on behalf of the putative class." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1412 (D.C. Cir.1984). Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) ( "[The predominance] inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy."); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) ("[C]lass determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'") (quoting *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558 (1963)); *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir.1996) ("Going beyond the pleadings is necessary, as a

court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.").

As set forth above, Plaintiff has defined the common question of law as Here, Plaintiff has defined the common question of law as "Defendants were deprived the class [sic] of their collective rights, privileges, or immunities secured by the Constitution of the United States and law while acting under color of law[.]" However, to date the City has received a minimum of seventeen (17) notices of claims pursuant to section 768.28, Florida Statutes. These seventeen (17) notices are comprised of those received from several potential class members, as defined by the Plaintiff, and clearly evidence their intent to pursue state law claims. Plaintiff has asserted no state claims, and in fact has clearly stated that he intends to *only* pursue federal constitutional claims.

District courts should assess predominance with its overarching purpose in mind—namely, ensuring that "a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc.*, 521 U.S. at 615 (alteration in original) (quoting Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment).

Plaintiff has asserted only federal constitutional claims, while a significant number of potential class members have made clear through notice letters that they intend on pursuing state law claims. As such, no common questions predominate over any questions affecting only individual members. Rather this Plaintiff has chosen to pursue federal Fourth Amendment claims, and other potential class members have chosen to pursue unidentified state claims. Plaintiff has failed to show predominance of claims, and as such his Motion should be dismissed.

### B.     No Predominance in Damages

Plaintiff has plead entitlement to compensatory and punitive damages, and has defined the proposed class as those who were "publicly humiliated in the media." (Amended Motion p. 1). As such, should the jury find Defendant liable to some or all of the Plaintiffs, then it will have to make decisions on damages. This will require the jury to make individualized determinations concerning the amount of compensatory and punitive damages, and damages for public humiliation, to which each Plaintiff is entitled. In *Comcast Corp. v. Behrend*, the Supreme Court stated that the burden is on the plaintiff to furnish a methodology to accurately calculate their damages on a class wide basis. 569 U.S. 27 at 1433. "Without presenting [] methodology [for damages calculation], respondents cannot show Rule 23(b)(3) predominance: Questions of individual damage calculations will inevitably overwhelm questions common to the class." *Id*.

The claims asserted by the Plaintiff in relation to the class of people identified will require individualized proof. It is unknown which potential class members retained a criminal defense attorney in the underlying criminal matter. The amount incurred in attorney's fees in the underlying criminal matter is likely to differ greatly from person to person. Plaintiff has represented during the course of discovery that he has incurred a grand total of $1,750 in expenses or damages in this lawsuit. (*See* Plaintiff's verified Answer to Number 10 of City's First Set of Interrogatories, attached as Exhibit Number 1 to Keith Taig Deposition.) Additionally, the level of "public humiliation in the media" is incredibly subjective and individualized. From his perspective, Plaintiff is not claiming any physical or emotional damages. (*See* Plaintiff's verified Answer to Number 6 of City's First Set of Interrogatories,

attached as Exhibit Number 1 to Keith Taig Deposition.)  Plaintiff has also represented that he suffered no embarrassment or humiliation.  (*See* III. argument regarding Typicality of Damages, *supra*.)  Certainly the level of public humiliation in the media experienced by higher profile individuals differs greatly from that experienced by other potential class members.

The compensatory and punitive damages, and damages related to public humiliation, involve questions of "individualized proof," and that the idea that each individual plaintiff's damages could be determined on a class wide basis is preposterous. Plaintiff has failed to satisfy Rule 23(b)(3)'s predominance requirement because "[q]uestions of individual damage calculations [would] inevitably overwhelm questions common to the class." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000). Further, Plaintiff falls far short of establishing that damages are capable of measurement on a class wide basis as he has not proposed any methodology for the class wide calculation of their damages. This failure is fatal to his Amended Motion, and as such, Plaintiff's Amended Motion should be denied.

District courts should assess predominance with its overarching purpose in mind— namely, ensuring that "a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc.*, 521 U.S. at 615 (alteration in original) (quoting Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment). For the reasons set forth above, Plaintiff has not shown predominance in the claims asserted nor in the damages sustained. Class certification would not achieve economies of time, effort and expense, and would not promote uniformity of decisions as to similarly situation persons. As Plaintiff has failed to show predominance, his Amended Motion should be denied.

V.      **Conclusion**

Plaintiff has failed to show he is entitled to class certification. Plaintiff has not shown typicality of claims, as he asserts only federal constitutional claims, while many other potential class members have indicated an affirmative decision to pursue state law claims. For that same reason Plaintiff cannot show predominance of claims, as the claims asserted by this Plaintiff differ from those of the other potential class members. Additionally, Plaintiff has failed to assert any methodology for damages calculation, which will certainly require highly individualized proof and require a multitude of mini-trials to determine each member's damages. As such, Plaintiff has failed to show predominance of damages. A class action is not superior to other methods of adjudication as a class wide proceeding will not generate common answers apt to drive the resolution of the litigation. This would result in wasted judicial economy and difficulties of the management of the proposed class. For all these reasons, Plaintiff's Amended Motion must be denied.

**WHEREFORE**, Defendant City of Vero Beach Beach respectfully requests that this Court enter an Order denying Plaintiff's Amended Motion for Class Certification, and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 12, 2021, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Alyssa J. Flood*
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
ALYSSA J. FLOOD, ESQ.
Florida Bar No. 99755
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928

Tel: 407-422-4310  Fax: 407-648-0233
GBradford@drml-law.com
AFlood@drnl-law.com
Attorneys for Defendant City of Vero Beach